**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CHERYL BLANCHARD,
              *Plaintiff-Appellant,*

v.

MORTON SCHOOL DISTRICT; RUSS
DAVIS; REGINE ALEKSUNAS, SE
Teacher; JIM GROSSMAN, SLP;
ROBYN GOODWIN, Principal,
              *Defendants-Appellees.*

No. 03-35677

D.C. No.
CV-02-05101-FDB

OPINION

Appeal from the United States District Court
for the Western District of Washington
Franklin D. Burgess, District Judge, Presiding

Argued and Submitted
January 14, 2005—Seattle, Washington

Filed August 19, 2005

Before: Mary M. Schroeder, Chief Judge, Alfred T. Goodwin
and Susan P. Graber, Circuit Judges.

Opinion by Chief Judge Schroeder

## COUNSEL

Lonnie Davis, Disabilities Law Project, Seattle, Washington, for the plaintiff-appellant.

Jocelyn J. Lyman, Law, Lyman, Daniel, Kamerrer & Bog-danovich, P.S., Olympia, Washington, for the defendants-appellees.

**OPINION**

SCHROEDER, Chief Judge:

This is an action by the mother of a child with autism, who seeks damages for the mother's own emotional distress caused by the conduct of the defendants, the Morton School District and its current and former employees, in providing special education services to her son. The district court dismissed the action for failure to exhaust administrative remedies under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1482. We reverse, because there were no administrative remedies available for her to exhaust. We remand to the district court to consider the merits of her claims.

Plaintiff Cheryl Blanchard's son is enrolled in a special education program provided by the Morton School District ("District"). Blanchard, pro se, represented her son in a series of administrative actions against the District, alleging that the District failed to accommodate him under the IDEA. In 2000, an administrative law judge concluded that the District had not properly implemented the student's individualized education plan and had denied the student a free appropriate public education as mandated by section 1415 of the IDEA. The administrative law judge ordered the District to implement the plan, and provide compensatory education to the student for the District's past failings. The record indicates that Blanchard felt compelled to initiate four other hearings on behalf of her son between 2001 and 2003, aimed at implementing and modifying the plan.

In 2002, Blanchard filed this complaint pro se against the District and several of its current and former employees. Blanchard sought money damages pursuant to 42 U.S.C. § 1983 for alleged emotional distress caused by the conduct of the defendants in providing special education services to her son under the IDEA. Blanchard sought damages for her

emotional distress due to the defendants' alleged "deliberate indifference and violation of rights," as well as reimbursement for the income she lost while pursuing her son's remedies under the IDEA.

The defendants moved to dismiss her claim pursuant to Federal Rule of Civil Procedure 12(b)(1). The district court appointed pro bono counsel for Blanchard. The district court later granted the defendants' motion to dismiss, concluding that Blanchard failed to exhaust her administrative remedies under the IDEA. Blanchard appeals through her pro bono counsel.

## DISCUSSION

**[1]** The IDEA was enacted "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related service designed to meet their unique needs." 20 U.S.C. § 1400(d)(1)(A). The IDEA sets out a comprehensive educational scheme that confers on disabled students a substantive right to public education. *Hoeft v. Tuscon Unified Sch. Dist.*, 967 F.2d 1298, 1300 (9th Cir. 1992). Under the IDEA, state or local educational agencies can receive federal funding to assist them in educating disabled children. To receive the funding, state and local educational agencies must ensure that children with disabilities — and their parents — are guaranteed specified procedural safeguards with regard to the provision of free appropriate public education by the agencies. 20 U.S.C. § 1415(a).

**[2]** The IDEA does not restrict or limit the rights of disabled students or their parents under other statutes. The IDEA requires, however, that "before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) [due process hearing] and (g) [appeal] of this section shall be exhausted to the same extent as would be required had the action been

brought under this subchapter." 20 U.S.C. § 1415(l). If a plaintiff is required to exhaust administrative remedies but fails to do so, the federal courts do not have jurisdiction to hear the plaintiff's claim. *Witte v. Clark County Sch. Dist.*, 197 F.3d 1271, 1274 (9th Cir. 1999). (The policy behind the exhaustion requirement is to ensure that educational agencies have the first opportunities to remedy shortcomings in their educational programs for disabled students. *See Hoeft*, 967 F.2d at 1303; *see also Christopher S. v. Stanislaus County Office of Educ.*, 384 F.3d 1205, 1209 (9th Cir. 2004). Relief under the IDEA therefore must be appropriate in light of the primary purpose of the IDEA. *Sch. Comm. of Burlington v. Dep't of Educ. of Mass.*, 471 U.S. 359, 369 (1985). Relief is available under the IDEA when "[b]oth the genesis and the manifestations of the problem are educational." *Charlie F. v. Bd. of Educ. of Skokie Sch. Dist. 68*, 98 F.3d 989, 993 (7th Cir. 1996); *see also Robb v. Bethel Sch. Dist. #403*, 308 F.3d 1047, 1052 (9th Cir. 2002). At the same time, courts have recognized that the IDEA's administrative remedies cannot compensate for a plaintiff's injuries that are completely non-educational. *Padilla v. Sch. Dist. No. 1 of Denver*, 233 F.3d 1268, 1274 (10th Cir. 2000).

**[3]** Thus, under the relevant statute, exhaustion of administrative remedies is required when a plaintiff is seeking "relief that is also available under" the IDEA. 20 U.S.C. § 1415(l). Blanchard argues that the district court erred in concluding that she failed to exhaust required administrative remedies before filing this suit. Blanchard did not pursue administrative remedies on her own behalf before filing suit. The issue in this appeal therefore is whether Blanchard was seeking "relief that is also available under" the IDEA, so that exhaustion was required.

**[4]** For purposes of exhaustion, "relief that is also available under" the IDEA does not necessarily mean relief that fully satisfies the aggrieved party. Rather, it means "relief suitable to remedy the wrong done the plaintiff, which may not always

be relief in the precise form the plaintiff prefers." *Robb*, 308 F.3d at 1049. But there must be some relief available.

[5] Blanchard's complaint sought money damages for emotional distress and for lost wages caused by the District's alleged deliberate indifference toward her son's IDEA claims and the District's alleged violations of the IDEA. Money damages for retrospective and non-educational injuries are not available under the IDEA. *See Witte*, 197 F.3d at 1275; *see also Polera v. Bd. of Educ. of the Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 486 (2d Cir. 2002); *Charlie F.*, 98 F.3d at 991; *Hall v. Knott County Bd. of Educ.*, 941 F.2d 402, 407 (6th Cir. 1991). That alone is not dispositive, for a plaintiff cannot avoid the IDEA's exhaustion requirement simply by limiting a prayer for relief to money or services that are not provided under the IDEA. *Robb*, 308 F.3d at 1049. The dispositive question therefore is whether Blanchard is seeking remedy for injuries that could be redressed to any degree by the IDEA's administrative procedures. *Id.* at 1050.

[6] The remedies available under the IDEA include educational services for disabled children. *See* 20 U.S.C. §§ 1400-1482. They do not provide an adequate remedy for Blanchard.

[7] We held in *Witte* that a plaintiff seeking monetary relief for alleged past physical and emotional abuse by school staff was not required to exhaust administrative remedies under the IDEA. 197 F.3d at 1276. We emphasized that "all educational issues already have been resolved to the parties' mutual satisfaction through the [administrative] process." *Id.* at 1275. That is true here, as well. Following *Witte*, we hold that Blanchard had no remedies under the IDEA to exhaust. Blanchard has resolved the educational issues implicated by her son's disability and has obtained the educational relief available under the IDEA on behalf of her son.

The District relies on *Robb*. In that case, a student with cerebral palsy and her parents sought damages for lost educa-

tional opportunities, emotional distress, humiliation, embarrassment, and psychological injury after the student was removed from the classroom for extended tutoring. *Robb*, 308 F.3d at 1048. We held that because these injuries could be remedied to some degree by the IDEA's administrative procedures and remedies, the plaintiffs must exhaust those administrative remedies before filing suit. *Id.* at 1054. We stated: "Where, as here, a plaintiff's injuries are part and parcel of the educational process, we must give the local administrators the first opportunity to remedy them." *Id.* at 1053 n.4. In this case, however, Blanchard's emotional distress injuries and lost income could not be remedied through the educational remedies available under the IDEA. *See Witte*, 197 F.3d at 1275.

**[8]** The District also stresses that the IDEA requires school districts to provide "related services" to education, including "psychological services, . . . social work services, [and] counseling services, . . . as may be required to assist a child with a disability to benefit from special education." 20 U.S.C. § 1401(26)(A). *See Robb*, 308 F.3d at 1050. The regulations implementing the statute provide that the required psychological services may include "[p]lanning and managing a program of psychological services, including psychological counseling for children and parents." 34 C.F.R. § 300.24(b)(9)(v). The act thus has some provision for counseling parents, but only with respect to assisting the child. *See* 20 U.S.C. § 1401(26)(A). The psychological services available under the IDEA would not provide a remedy for Blanchard's own claims of emotional injury.

We emphasize that our holding is a narrow one: that there is no procedural barrier to Blanchard's claim that the defendants' acts (as distinct from her child's disability) have caused her to incur damages for emotional distress. In the present posture of the case we are not called on to decide whether Blanchard's claim is, substantively, cognizable under federal law nor, even if so, whether her claim is meritorious. We hold

only that, because the IDEA provides no remedy for Blanchard, she need not exhaust administrative remedies before filing suit. We therefore reverse the district court's dismissal of Blanchard's complaint and remand the case for further proceedings.

**REVERSED AND REMANDED.**