Matthew FRASER, by his Guardian Ad Litem Judith Ann FRASER; Stephen Fraser; Judith Ann Fraser, Plaintiffs–Appellants,

v.

TAMALPAIS UNION HIGH SCHOOL DISTRICT, Defendant–Appellee.

No. 06–16083.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2008.

Decided June 6, 2008.

Stephen A. Fraser, Esq., Charles A. Bonner, Esq., [Ret.] A. Catherine Lagarde, Esq., Law Offices of Charles A. Bonner, Sausalito, CA, for Plaintiffs–Appellants.

Louis A. Leone, Esq., Katherine A. Alberts, Esq., Stubbs & Leone, Walnut Creek, CA, for Defendant–Appellee.

Before: NOONAN, THOMAS, and BYBEE, Circuit Judges.

## MEMORANDUM *

The facts and procedural posture of this case are familiar to the parties, and we do not repeat them here. Matthew Fraser and his parents, Judith and Stephen Fraser, appeal the district court's dismissal of their suit alleging violations of Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 42 U.S.C. § 1983, and associated state law claims. The district court dismissed the Frasers' suit because they were seeking relief that could have been addressed through the remedies available under the Individuals with Disabilities Education Act ("IDEA"), but failed to exhaust their IDEA administrative remedies. *See* 20 U.S.C. § 1415(*l*); *Kutasi v. Las Virgenes Unified Sch. Dist.*, 494 F.3d 1162, 1163 (9th Cir.2007). We review the district court's decision *de novo, Kutasi*, 494 F.3d at 1166, and we affirm.

Although Section 504 imposes on school districts receiving federal funds slightly different obligations than the IDEA imposes on school districts receiving IDEA money, *see Mark H. v. Lemahieu*, 513 F.3d 922, 933 (9th Cir.2008) ("FAPE under the IDEA and FAPE as defined in the § 504 regulations are similar but not identical."), Congress requires plaintiffs "seeking relief that is also available under" the IDEA to exhaust the IDEA procedures "to the same extent as would be required had the action been brought under" IDEA. 20 U.S.C. § 1415(*l*). The exhaustion requirement applies whenever a plaintiff "seek[s] relief for injuries that could be redressed to any degree by the IDEA's administrative procedures." *Kutasi*, 494 F.3d at 1163. "For purposes of exhaustion, 'relief that is also available under' the IDEA does not necessarily mean relief that fully satisfies the aggrieved party. Rather, it means 'relief suitable to remedy the wrong done the plaintiff, which may not always be relief in the precise form the plaintiff prefers.'" *Blanchard v. Morton Sch. Dist.*, 420 F.3d 918, 921 (9th Cir.2005) (quoting *Robb v. Bethel Sch. Dist. # 403*, 308 F.3d 1047, 1049 (9th Cir.2002)). Furthermore, "[w]here the IDEA's ability to remedy a particular injury is unclear, exhaustion should be required to give educational agencies an initial opportunity to ascertain and alleviate the alleged problem." *Robb*, 308 F.3d at 1050.

In this case, all of Matthew's alleged injuries, including mental and emotional injuries, could have been addressed through the IDEA process. *See Robb*, 308 F.3d at 1049. The school district's initial decision that Matthew did not qualify for special education does not excuse the Frasers' failure to use the IDEA process. The IDEA administrative remedies are available to challenge "any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child," 20 U.S.C. § 1415(b)(6), including the decision not to provide special services. Had the Frasers administratively challenged the August 2003 decision not to provide Matthew special education services, the school district very well might have provided appropriate relief, either under IDEA or Section 504. Only when the administrative procedures proved unavailing were the Frasers permitted to sue for additional relief under Section 504 or other federal statutes. 20 U.S.C. § 1415(*l*); *Kutasi*, 494 F.3d at 1163.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The Frasers claim that exhaustion would be futile for three reasons. First, they note that Matthew has already graduated from high school and cannot now receive any benefit from the IDEA process. We reject this argument. Section 1415($l$) makes pursuit of the IDEA remedies a prerequisite to filing suit for relief under related statutes; failure to use the IDEA remedies when given an opportunity to do so does not excuse the Frasers from that requirement.

Second, the Frasers cite *Witte v. Clark County School District* for the proposition that exhaustion is not required when "all educational issues have already been resolved to the parties' mutual satisfaction through the IEP process." 197 F.3d 1271, 1275 (9th Cir.1999). In *Witte*, "[t]here was no reason to believe the plaintiff's injuries could be redressed to any extent by the IDEA's administrative procedures and remedies." *Robb*, 308 F.3d at 1052. Unlike the plaintiffs in *Witte*, the Frasers "have not taken full advantage of the IDEA administrative procedures to secure the remedies available thereunder." *Id.*

Finally, the Frasers allege that the school district has a policy of intentionally misinforming or failing to inform parents and students about the existence of Section 504 accommodations, and they therefore are not required to exhaust the IDEA remedies to seek injunctive relief for this systemic problem. *See Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1303–04 (9th Cir.1992). *Hoeft* does not save the Frasers' claim because they did not present their claim as a class action, and any claim they had for injunctive relief became moot upon Matthew's graduation.

Regardless, *Hoeft* provides no basis for reversal. "Structuring a complaint as a challenge to policies, rather than as a challenge to an individualized education program formulated pursuant to these policies ... does not suffice to establish entitlement to a waiver of the IDEA's exhaustion requirement." *Id.* at 1304. Instead, "[p]laintiffs must demonstrate in addition that the underlying purposes of exhaustion would not be furthered by enforcing the requirement." *Id.* In *Hoeft*, we required the plaintiffs to exhaust their administrative remedies even though they challenged a systemic local policy. *Id.* at 1308. Exhaustion was still necessary to give the state educational agency an opportunity to correct the problem. *Id.* Similarly, the Frasers were required to exhaust administrative remedies to bring the alleged systemic failure to the attention of appropriate state authorities.

The judgment of the district court is **AFFIRMED.**