**Victor PEDROZA; Martha Garcia; V.P., a minor child by and through his parents Victor Pedroza & Martha Garcia, Plaintiffs—Appellants,**

v.

**LOS ALAMITOS UNIFIED SCHOOL DISTRICT; California Department of Education, Defendants—Appellees.**

No. 06–56773.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2008.

Filed Dec. 2, 2008.

Paul M. Roberts, Esquire, Timothy A. Adams, Esquire, Jennifer Kropke, Esquire, Drew D. Massey, Esquire, Roberts

---

& Adams, Huntington Beach, CA, for Plaintiffs–Appellants.

Howard J. Fulfrost, Esquire, Fagen Friedman & Fulfrost, LLP, Los Angeles, CA, Charles L. Weatherly, Esquire, The Weatherly Law Firm, LLP, Atlanta, GA, Gabriel Cruz Vivas, Esquire, Deputy General Counsel, California Department of Education, Sacramento, CA, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, KLEINFELD and RAWLINSON, Circuit Judges.

### MEMORANDUM *

Dismissal for lack of subject matter jurisdiction was proper because the Pedrozas failed to exhaust IDEA's administrative procedures. The right to bring a civil action is limited to a party aggrieved by the findings and decision made under subsection (f) or (k) of 20 U.S.C. § 1415.[1] The exhaustion requirement applies whenever a plaintiff seeks relief for injuries that could be redressed to "any degree" by IDEA's administrative procedures.[2]

Here, the Pedrozas concede that they have not exhausted the administrative procedures specifically enumerated in IDEA's exhaustion provision. The compliance complaint they filed with the California Department of Education does not satisfy IDEA's exhaustion requirement. The state compliance complaint procedure utilized by the Pedrozas is not the federal exhaustion procedure required by the Act. The right to bring a civil action under the Act is limited to parties who have first availed themselves of the procedures under § 1415(f) or (k).[3]

The narrow exception for compliance complaints we recognized in *Hoeft v. Tucson Unified School District*[4] does not apply. The district's court finding that the School District had no general policy or practice that prohibits the videotaping of Individualized Education Program meetings was not clearly erroneous. The record established a state policy of allowing audiotaping, but did not establish a state policy of prohibiting videotaping.

None of the exceptions to the exhaustion requirement apply. Since the Pedrozas alleged the violation of a right protected under IDEA and California law, they were entitled to a "due process hearing."[5] A hearing officer would have jurisdiction to determine if the School District's refusal to allow videotaping violated IDEA by significantly impeding Martha Garcia's ability to participate in the meetings. At the "resolution session"[6] or the "due process hearing,"[7] the Pedrozas might well have obtained permission to videotape if they showed that lack of videotaping would

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. 20 U.S.C. § 1415(i)(2)(A).

2. *Kutasi v. Las Virgenes Unified Sch. Dist.,* 494 F.3d 1162, 1168 (9th Cir.2007) (citing *Robb v. Bethel Sch. Dist. # 403,* 308 F.3d 1047, 1050 (9th Cir.2002)).

3. *See* 20 U.S.C. § 1415(i)(2)(A).

4. 967 F.2d 1298 (9th Cir.1992).

5. Cal. Educ.Code § 56501(a)(2); *see also* 20 U.S.C. § 1415(f)(1)(A).

6. Cal Educ.Code § 56501.5; *see also* 20 U.S.C. § 1415(f)(1)(B).

7. Cal. Educ.Code § 56501(a)(2); *see also* 20 U.S.C. § 1415(f)(1)(A).

"significantly impede[ ]"[8] their participation in developing an IEP, so they were required to attempt those procedures before filing suit in federal court.[9]

**AFFIRMED.**

**8.** Cal. Educ.Code § 56505(f)(2)(B); *see also* 20 U.S.C. § 1415(f)(3)(E).

**9.** *Blanchard v. Morton Sch. Dist.,* 420 F.3d 918, 920–21 (9th Cir.2005).

