FILED

APR 05 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANISHA WASHINGTON, | No. 10-17629 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00186-FCD-KJM |
| v. | |
| CALIFORNIA DEPARTMENT OF EDUCATION; CALIFORNIA DEPARTMENT OF MENTAL HEALTH; CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, Community Care and Licensing Division; JACK O'CONNELL, Superintendent of CA Dept. of Education; STEPHEN W. MAYBERG, Director of CA Dept. of Mental Health; JOHN A. WAGNER, Director of CA Dept. of Social Services, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Argued and Submitted December 7, 2011
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: TROTT and BEA, Circuit Judges, and STAFFORD, Senior District Judge.[**]

Appellant Anisha Washington appeals the district court's dismissal of her claims—brought under the Individuals with Disabilities Education Act ("IDEA") and the Rehabilitation Act—for failure to exhaust administrative remedies. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

The district court concluded that Washington's failure to exhaust deprived the court of subject matter jurisdiction. After that decision, our *en banc* court overturned prior circuit precedent and held that the IDEA's exhaustion requirement is not jurisdictional. *Payne v. Peninsula School Dist.*, 653 F.3d 863 (9th Cir. 2011) (en banc), *cert. denied*, 2012 WL 538336 (Feb. 21, 2012). But *Payne* made clear that IDEA defendants could challenge claims for failure to exhaust in an unenumerated motion to dismiss. 653 F.3d at 881. We may affirm on any ground supported by the record, *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001), and we

---

[**] The Honorable William H. Stafford, Jr., Senior District Judge for the U.S. District Court for Northern Florida, sitting by designation.

[1] Because the parties are familiar with the facts of this case, we recite them only as necessary to explain our decision.

conclude that the district court properly dismissed the claims for failure to exhaust.[2]

Washington settled her initial administrative due process complaint with various school district and local agency defendants, who agreed to place her in a residential treatment facility in Colorado. She voluntarily discharged herself from the Colorado facility, and subsequently brought a complaint in federal district court. Washington did not first avail herself of the IDEA's administrative procedures, as required by 20 U.S.C. § 1415(*l*). Further, Washington has not demonstrated that exhaustion would be futile or that any other exception to exhaustion applies. *Hoeft v. Tucson Unified School Dist.*, 967 F.2d 1298, 1303–04 (9th Cir. 1992). She does not show that the administrative process cannot address her claims—namely, whether she is entitled to in-state residential treatment.

**AFFIRMED.**

---

[2] Dismissals of IDEA claims for failure to exhaust are without prejudice. *Kutasi v. Las Virgenes Unified School Dist.*, 494 F.3d 1162, 1170 (9th Cir. 2007).

Washington v. California Department of Education 10-17629

STAFFORD, District Judge, dissenting.

Because I do not agree that this case was appropriately dismissed for failure to exhaust, I must respectfully dissent.

Washington's underlying claim in this case is that the State of California has failed to make in-state residential treatment available to emotionally-disturbed IDEA-eligible students who, like Washington, are between the ages of 18 and 22. According to the plaintiff, California's failure to make such services available to her constitutes a violation of the IDEA. The plaintiff's claim arises from a regulation promulgated by the California Department of Social Services ("CDSS"), 22 Cal. Code Regs. § 84022(b)(2)(E), which requires California-certified residential facilities to discharge students upon reaching age eighteen. The regulation is based upon language in the California Health and Safety Code that prohibits the housing of minors with adults. Washington asserts that "students ages eighteen through twenty-one are regularly denied residential placements in the state of California based on these licensing restrictions, even when required by their IEPs."

Washington has alleged that those local agencies most recently responsible for her Individualized Education Program ("IEP") "acknowledge that [she] needs to be placed in a residential program in California . . . , [yet] it is impossible for the local agencies to make such a placement because no such placement exists that is authorized by the State of California." She challenges no other aspect of her IEP.

Washington raised the same claim in a 2009 administrative due process complaint. In addition to naming the relevant local educational agencies as defendants

in the administrative case, Washington named two state educational defendants, the California Department of Education ("CDE") and the California Department of Mental Health ("CDMH"). The Office of Administrative Hearings ("OAH") quickly dismissed CDE from the case on the ground that CDE was not a "responsible local educational agency" within the meaning of the California Education Code. Washington then entered into a settlement agreement with the local educational agencies, accepting the only placement the local educational agencies were authorized to make—namely, an out-of-state residential placement. She nonetheless continued to pursue her claim against CDMH, arguing that the *State's* failure to allow her local educational agencies to place her in a California residential program violated the IDEA. After a two-day hearing, the OAH dismissed CDMH, finding that CDMH had no responsibility for providing a free appropriate public education to Washington. The OAH thus failed to rule on the question of whether the State of California has a responsibility under the IDEA to ensure that local educational agencies are authorized to place emotionally-disturbed IDEA-eligible adult students such as Washington in California residential facilities.

After Washington filed her complaint in federal court, the defendants moved to dismiss, arguing that the court lacked jurisdiction based on Washington's failure to adequately plead exhaustion of administrative remedies. Relying on *Blanchard v. Morton Sch. Dist.*, 420 F.3d 918, 920-21 (9th Cir. 2005),[1] the district court granted the motion, explaining that "[t]o establish jurisdiction in a case brought pursuant to the

---

[1]  As noted by the majority, this circuit has since overruled *Blanchard* and its progeny, holding that the IDEA's exhaustion requirement is not jurisdictional but is, instead, an affirmative defense to be pleaded and proved by IDEA *defendants*. *Payne*, 653 F.3d at 870-71.

IDEA, a plaintiff must show that he or she has exhausted all available administrative remedies prior to commencing her action in federal district court."  Placing the burden on Washington, the district court concluded that Washington failed to establish either (1) that she exhausted her administrative remedies, or (2) that exhaustion would be futile.  I do not agree with the majority's conclusion that the result reached by the district court is supported by the record.

The existence of a futility exception to the IDEA's exhaustion requirement can be traced to the legislative history of the IDEA.  Senator Harrison Williams, the author and floor manager of the Senate bill, stated that "exhaustion of the administrative procedures established under this part should not be required for any individual complainant filing a judicial action in cases where such exhaustion would be futile either as a legal or practical matter." 121 Cong. Rec. 37416 (1975).  The congressional understanding of the futility exception is spelled out in the legislative history of the IDEA.

> It is important to note that there are certain situations in which it is not appropriate to require the exhaustion of [IDEA] administrative remedies before filing a civil law suit. These include complaints that: First, an agency has failed to provide services specified in the child's individualized educational program [IEP]; second, an agency has abridged or denied a handicapped child's procedural rights-for example, failure to implement required procedures concerning least restrictive environment or convening of meetings; three, an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law, or where it would otherwise be futile to use the due process procedures-for example, where the hearing officer lacks the authority to grant the relief sought; and four, an emergency situation exists....

131 Cong. Rec. 21392-93 (1985); *see also* H.R.Rep. No. 296, 99th Cong., 1st Sess. 7 (1985).

Here, Washington has raised an issue of law regarding a state-required practice of general applicability alleged to be in violation of the IDEA.  In my view, because such a claim presents a "situation in which it is not appropriate to require the exhaustion of [IDEA] administrative remedies before filing a civil law suit," the district court's order of dismissal should be reversed and the case remanded so that Washington may litigate her claim that the State of California violates the IDEA by prohibiting her and other emotionally-disturbed IDEA-eligible students between the ages of 18 and 22 from being treated in California residential treatment facilities even where, as here, the local educational agencies agree that residential treatment is needed as part of the student's IEP.