**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CHERYL BLANCHARD,
            *Plaintiff-Appellant,*

v.

MORTON SCHOOL DISTRICT; RUSS
DAVIS, Superintendent; REGINE
ALEKSUNAS, SE Teacher; JIM
GROSSMAN, SLP; ROBYN GOODWIN,
Principal,
            *Defendants-Appellees.*

No. 06-35388

D.C. No.
CV-02-05101-FDB

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Western District of Washington
Franklin D. Burgess, District Judge, Presiding

Argued and Submitted
July 31, 2007—Portland, Oregon

Filed September 20, 2007
Amended December 3, 2007

Before: Alfred T. Goodwin, Mary M. Schroeder, and
Susan P. Graber, Circuit Judges.

Opinion by Judge Schroeder

## COUNSEL

Lonnie Davis, Disabilities Law Project, Seattle, Washington, for the plaintiff-appellant.

Jocelyn J. Lyman, Law, Lyman, Daniel, Kamerrer & Bog-danovich, P.S., Olympia, Washington, for the defendants-appellees.

## ORDER

The Opinion filed on September 20, 2007, is amended as follows: on slip Opinion page 12821, remove lines 21 through 34, and insert the following text:

Blanchard also brings claims under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and title II of the ADA, 42 U.S.C. § 12132. Under those statutes, Blanchard is a proper plaintiff, at least insofar as she is asserting and enforcing the rights of her son and incurring expenses for his benefit. *See Greater L.A. Council on Deafness, Inc. v. Zolin*, 812

F.2d 1103, 1115 (9th Cir. 1987); *see also Innovative Health Sys., Inc. v. City of White Plains*, 117 F.3d 37, 46-47 (2d Cir. 1997) (holding that a hospital had standing to sue under the Rehabilitation Act and the ADA), *superseded on other grounds, as recognized in Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 171 n.7 (2d Cir. 2001). As the Supreme Court has noted, "a parent of a child with a disability has a particular and personal interest" in preventing discrimination against the child. *Winkelman*, 127 S. Ct. at 2003.

Blanchard is not entitled to the damages that she seeks, however. We need not decide whether damages are available for a parent's own emotional distress resulting from the enforcement of a child's educational rights, because Blanchard abandoned that claim by failing to raise it in her brief on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Her claim for lost profits essentially seeks compensation for acting as her own lawyer. Pro se plaintiffs, though, are not entitled to attorney's fees. *See Kay v. Ehrler*, 499 U.S. 432, 438 (1991). Because Blanchard cannot recover damages, the district court properly dismissed her Rehabilitation Act and ADA claims.

No future petitions for rehearing or petitions for rehearing en banc will be entertained.

---

## OPINION

SCHROEDER, Circuit Judge:

Plaintiff-Appellant Cheryl Blanchard seeks damages to compensate her for lost income and the emotional distress she experienced during her ultimately successful efforts to obtain

benefits for her son under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1482. When this matter was before us previously, we reversed the district court's dismissal for failure to exhaust administrative remedies. *Blanchard v. Morton Sch. Dist.*, 420 F.3d 918 (9th Cir. 2005) ("*Blanchard I*"). We held that, because Blanchard sought damages on her own behalf rather than her son's, no administrative remedies existed. *Id.* at 921-22. We expressed no opinion on the merits of her claim. *Id.* at 922.

On remand, the district court granted summary judgment for Defendants, holding that Blanchard had no individual rights under the IDEA and that the IDEA's enforcement scheme did not contemplate the damages she seeks. It further held that, because Blanchard is not a qualified individual with a disability, her claim is not cognizable under either title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12132, or section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). *See* 42 U.S.C. § 12132; 29 U.S.C. § 705(20).

After the district court's entry of summary judgment, however, the United States Supreme Court held that parents do have individually enforceable substantive rights under the IDEA. *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 127 S. Ct. 1994, 1999 (2007). The Court said that those rights were sufficient to permit a parent to appear pro se in pursuit of IDEA remedies to secure for a child the free appropriate public education guaranteed under § 1415 of the IDEA. *Id.* at 2005.

[1] We have held that money damages are not available under the IDEA for the pain and suffering of a disabled child. *Witte ex rel. Witte v. Clark County Sch. Dist.*, 197 F.3d 1271, 1275 (9th Cir. 1999). The question before us now is whether 42 U.S.C. § 1983 creates a cause of action for money damages under the IDEA for the lost earnings and suffering of a parent pursuing IDEA relief. We hold that it does not. We

affirm the district court's judgment in favor of the school district after taking into account the intervening Supreme Court decision in *Winkelman*.

**[2]** Section 1983 does not in itself create any right under federal law. It provides remedies for violations of federal rights only where a "federal statute creates an individually enforceable right in the class of beneficiaries to which [plaintiff] belongs." *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 120 (2005).

**[3]** In *Winkelman*, 127 S. Ct. at 1999, the Supreme Court provided a thorough analysis of the IDEA's "interlocking statutory" enforcement scheme. The Court catalogued the IDEA's numerous provisions creating substantive rights, and it concluded that the statute confers those rights on the parents of disabled children as well as on the children themselves. *Id.* at 2000-05. Notably, all the rights created by the statute, including the rights to reimbursement of expenses and to recovery of attorney's fees, relate to necessary efforts to secure a child's free appropriate public education. *See* 20 U.S.C. § 1400(d)(1)(A)-(B) (stating that the IDEA's substantive and procedural protections exist in order to "ensure that all children with disabilities have available to them a free appropriate public education," and to protect the rights of the parents of such children in the process of ensuring the children's access to education); 20 U.S.C. § 1415(b)(6) (providing a judicial remedy for violations of any right "relating to the identification, evaluation, or educational placement of [a] child").

**[4]** In *Smith v. Robinson*, 468 U.S. 992, 1013 (1984), the Supreme Court held that the Education of the Handicapped Act ("EHA"), the predecessor to the IDEA, was the exclusive means of remedying violations of the rights it guaranteed. In response, Congress amended the statute to include what now is 20 U.S.C. § 1415(l).[1] Handicapped Children's Protection

---

[1]"Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans

Act of 1986, Pub. L. No. 99-372, § 3, 100 Stat. 796, 797. There is an existing circuit split on whether, with the amendment, Congress intended the IDEA rights to be enforceable under § 1983.[2] The First, Third, Fourth, and Tenth Circuits have held that Congress did not so intend.[3] The Second and Seventh Circuits have held that Congress did so intend.[4] The Eighth Circuit has holdings going both ways.[5] We are persuaded by the recent thoughtful, well-reasoned opinion of the Third Circuit. *See A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 797-803 (3d Cir. 2007) (en banc) (surveying the existing circuit split and analyzing recent Supreme Court precedent on the availability of § 1983 as a remedy for violation of a federal statute).[6] In *A.W.*, the Third Circuit overruled its prior authority to the contrary and held:

---

with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities . . . ." 20 U.S.C. § 1415(l) (citations omitted).

[2]In *Department of Education v. Katherine D.*, 727 F.2d 809, 820 (9th Cir. 1984), we held that the EHA's "comprehensive and exclusive remedial scheme . . . precludes reliance upon a cause of action under section 1983." However, we decided *Katherine D.* before Congress amended the IDEA. Consequently, although our holding today is consistent with it, *Katherine D.* cannot answer the question of what Congress intended when it amended the IDEA.

[3]*Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 28 (1st Cir. 2006); *A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 803 (3d Cir. 2007) (en banc); *Sellers v. Sch. Bd.*, 141 F.3d 524, 529 (4th Cir. 1998); *Padilla v. Sch. Dist. No. 1*, 233 F.3d 1268, 1273 (10th Cir. 2000).

[4]*Mrs. W. v. Tirozzi*, 832 F.2d 748, 755 (2d Cir. 1987); *Marie O. v. Edgar*, 131 F.3d 610, 622 (7th Cir. 1997).

[5]*Compare Digre v. Roseville Sch. Indep. Dist. No. 623*, 841 F.2d 245, 250 (8th Cir. 1988) ("Mrs. Digre was entitled to bring a section 1983 action based on alleged violations of the [predecessor to the IDEA] . . . ."), *with Heidemann v. Rother*, 84 F.3d 1021, 1033 (8th Cir. 1996) ("We now hold as a matter of law that plaintiffs in the present case cannot recover general or punitive damages [under § 1983] arising out of defendants' alleged violations of the IDEA . . . ."; failing even to mention or cite *Digre*).

[6]We note that the holdings of the Second and Seventh Circuits predate recent Supreme Court precedent on the availability of § 1983 actions, and the Second Circuit's opinion does not discuss congressional intent at all.

> The IDEA includes a judicial remedy for violations of any right "relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education to such child." § 1415(b)(6). Given this comprehensive scheme, Congress did not intend § 1983 to be available to remedy violations of the IDEA . . . .

*Id.* at 803 (alteration in original). We now join the First, Third, Fourth, and Tenth Circuits and hold that the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA.

**[5]** Therefore, in light of *Winkelman*, the district court was not correct in ruling that the IDEA creates no individual rights in parents. However, insofar as the district court held that IDEA does not contemplate the remedy Blanchard seeks and in that regard creates no right enforceable under § 1983, the district court must be affirmed.

Blanchard also brings claims under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and title II of the ADA, 42 U.S.C. § 12132. Under those statutes, Blanchard is a proper plaintiff, at least insofar as she is asserting and enforcing the rights of her son and incurring expenses for his benefit. *See Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1115 (9th Cir. 1987); *see also Innovative Health Sys., Inc. v. City of White Plains*, 117 F.3d 37, 46-47 (2d Cir. 1997) (holding that a hospital had standing to sue under the Rehabilitation Act and the ADA), *superseded on other grounds, as recognized in Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 171 n.7 (2d Cir. 2001). As the Supreme Court has noted, "a parent of a child with a disability has a particular and personal interest" in preventing discrimination against the child. *Winkelman*, 127 S. Ct. at 2003.

**[6]** Blanchard is not entitled to the damages that she seeks, however. We need not decide whether damages are available

for a parent's own emotional distress resulting from the enforcement of a child's educational rights, because Blanchard abandoned that claim by failing to raise it in her brief on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Her claim for lost profits essentially seeks compensation for acting as her own lawyer. Pro se plaintiffs, though, are not entitled to attorney's fees. *See Kay v. Ehrler*, 499 U.S. 432, 438 (1991). Because Blanchard cannot recover damages, the district court properly dismissed her Rehabilitation Act and ADA claims.

The judgment of the district court is AFFIRMED.