Cheryl BLANCHARD; Jerry Blanchard; DB, by his parents Cheryl Blanchard and Jerry Blanchard, Plaintiffs—Appellants,

v.

MORTON SCHOOL DISTRICT; John A. Flaherty, Superintendent; Josh Brooks, Jr. High Principal; Dave Crayk, Special Education Teacher, Defendants—Appellees.

No. 06–35745.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2007.

Filed Dec. 26, 2007.

Mark A. Thompson, Esq., Todd & Wakefield Century Square, Seattle, WA, Mark P. Thompson, Esq., Morton, WA, for Plaintiffs–Appellants.

Cheryl Blanchard, Morton, WA, pro se.

Michael Barry Tierney, Esq., Diana Virginia Blakney, Esq., Mercer Island, WA, for Defendants–Appellees.

Before: McKEOWN and CLIFTON, Circuit Judges, and SCHWARZER *, District Judge.

### MEMORANDUM **

Cheryl Blanchard, her husband Jerry Blanchard, and their son appeal the district court's dismissal of their action against the Morton School District (the "District") and individual school officials under FED.R.CIV.P. 12(b)(6). We affirm in part and reverse in part.

Cheryl Blanchard is a proper party to this appeal. Jerry Blanchard may not be represented by Cheryl Blanchard, who is not an attorney. *See Johns v. County of San Diego,* 114 F.3d 874, 877 (9th Cir. 1997) (citation omitted). We need not decide whether the Blanchards' minor son is a party because Cheryl Blanchard's (hereafter "Blanchard") asserted bases for recovery are identical to those of her son.

The only defendants who were properly served were the District and John Flaherty, who received sufficient notice of the complaint, and explicitly directed the process server to leave the documents with certain school district employees. *See* FED. R. CIV. P. 4(e)(2)(C); *see also Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688 (9th Cir.1988). Thus, defendants Josh Brooks and Dave Crayk were properly dismissed by the district court. We also affirm the court's dismissal of Blanchard's claims under 42 U.S.C. §§ 1983 and 1985. *See Blanchard v. Morton Sch. Dist.,* 504 F.3d 771 (9th Cir.), *amended by* 509 F.3d 934, 937–38 (9th Cir.2007) ("*Blanchard I*") (no

---

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

claim for damages under 42 U.S.C. § 1983 for violations of the Individuals with Disabilities Education Act ("IDEA")); [1] *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929 (9th Cir.2004) ("to state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983") (citation omitted).

 Blanchard may seek relief under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, "insofar as she is asserting and enforcing the rights of her son and incurring expenses for his benefit." *See Blanchard I*, 509 F.3d at 937–38. In addition, Blanchard's petition for review of the IDEA administrative decision was not time-barred, *see SJ v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006), and she has standing to bring a pro se action for review of that decision. *See Winkelman v. Parma City Sch. Dist.*, —— U.S. ——, 127 S.Ct. 1994, 2006, 167 L.Ed.2d 904 (2007). Therefore, we reverse the district court's dismissal of Blanchard's ADA and Rehabilitation Act claims and her petition for review of the IDEA administrative decision.

**AFFIRMED IN PART; REVERSED IN PART.** Each party shall be responsible for its own costs on appeal.

---

**1.** Our decision in *Blanchard I* is the subject of a petition for certiorari that Blanchard has filed in the Supreme Court. If the Supreme Court grants certiorari and determines that there is a potential claim for damages under 42 U.S.C. § 1983 for violations of the IDEA, Blanchard should be allowed to initiate service on defendant Josh Brooks. Blanchard waived her service claim vis-a-vis Dave Crayk.