

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JAMES HUSON, by and through his guardian ad litem MICHAEL HUSON; MICHAEL D. HUSON; TENA HUSON, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> SIMI VALLEY UNIFIED SCHOOL DISTRICT; BARBARA PATTEN, <br><br> Defendants - Appellees. | No. 07-55785 <br><br> D.C. No. CV-06-07488-PSG <br><br> AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted October 21, 2008
Pasadena, California

Before: PREGERSON and N.R. SMITH, Circuit Judges, and COLLINS[**],
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

James Huson and his parents, Michael and Tena Huson (the "Husons") appeal the district court's dismissal of their claims under the Rehabilitation Act, Americans with Disabilities Act, and 42 U.S.C. § 1983. Because the parties are familiar with the facts of the case, we repeat them here only to the extent necessary to explain our decision. We have jurisdiction over the district court's order under 28 U.S.C. § 1291. We review questions of law, such as whether administrative exhaustion is required under the Individuals with Disabilities Education Act, ("IDEA") de novo. *Witte v. Clark County Sch. Dist.*, 197 F.3d 1271, 1274 (9th Cir. 1999). We affirm.

"[P]laintiffs must exhaust administrative remedies before filing a civil lawsuit if they seek relief for injuries that could be redressed *to any degree* by the IDEA's administrative procedures." *Kutasi v. Las Virgenes Sch. Dist.*, 494 F.3d 1162, 1163 (9th Cir. 2007) (emphasis added); *see also Robb v. Bethel Sch. Dist. # 403*, 308 F.3d 1047, 1050 (9th Cir. 2002). Exhaustion is not required where the IDEA administrative process would be "futile or inadequate." *Honig v. Doe*, 484 U.S. 305, 327 (1988).

Here, Appellants' attempt to invoke the futility exception is not persuasive. Appellants initially sought IDEA services and were denied. Appellants seek to avoid the exhaustion requirement by adopting Appellees' position that James

Huson is ineligible for IDEA services. The IDEA provides the "opportunity for any party to present a complaint . . . with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such a child." 20 U.S.C. § 1415(b)(6)(A); *see also* Cal. Educ. Code § 56501(a) (providing a due process hearing when there is a "refusal to initiate or change the identification, assessment, or educational placement of the child or the provision of a free appropriate public education to the child"). The disagreement over James Huson's education falls within these bounds, and must be administratively exhausted before Plaintiffs may bring other claims.[1]

Accordingly, the district court's order is AFFIRMED.[2]

---

[1] Because James Huson's eligibility for IDEA services has not yet been finally determined and because Appellants must exhaust IDEA remedies, we do not reach the other issues presented on appeal. We note, however, that comprehensive enforcement schemes, such as the IDEA, preclude claims under 42 U.S.C. § 1983. *See City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 120 (2005); *Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007).

[2] Because Huson is required to exhaust his administrative remedies, the district court lacked jurisdiction to hear his other claims. *Witte v. Clark County Sch. Dist.*, 197 F.3d 1271, 1274 (9th Cir. 1999). Accordingly, we vacate the district court's order with respect to Huson's claims against Principal Patten.