**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

M.Z., by and through her parent Yiling
Zhang, and YILING ZHANG, an
individual,

        Plaintiffs - Appellants,

 v.

LAKE ELSINORE UNIFIED SCHOOL
DISTRICT; et al.,

        Defendants - Appellees.

No. 08-56505

D.C. No. 5:07-cv-01091-VAP-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted January 10, 2011[**]

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Yiling Zhang as parent of M.Z. and as an individual appeals pro se from the

district court's judgment dismissing her action brought under the Individuals with

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Disabilities Education Act ("IDEA"), Rehabilitation Act ("RA"), Americans with Disabilities Act ("ADA"), and 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291. We review de novo and may affirm on any ground supported by the record. *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001). We affirm.

The district court properly dismissed Zhang's IDEA claims arising from the May 2007 administrative decision because she did not show that she was an "aggrieved" party. 20 U.S.C. § 1415(i)(2)(A).

The district court properly dismissed Zhang's claims of discriminatory denial of special education rights in violation of the ADA and RA because she did not plead sufficient facts to support her conclusory statement that defendants were deliberately indifferent. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001) (holding that deliberate indifference is the correct standard and explaining that it "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that the likelihood"). The district court properly dismissed Zhang's other claims under the ADA and RA on various grounds and we are not persuaded by Zhang's contentions that it would have been futile for her to exhaust administrative remedies, that her claims against the officials in their official capacities were not coterminous with those she made

against their agencies, that she plead sufficient facts to show retaliation, and that she alleged ADA and RA claims independent of rights established by the IDEA.

The district court properly dismissed Zhang's section 1983 claims insofar as they related to the alleged denial of rights established by the IDEA. *See Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007) ("We now . . . hold that the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA."). We are not persuaded by Zhang's contention that she plead sufficient facts to show a denial of rights under either the First Amendment or the Equal Protection Clause.

Zhang's remaining contentions, including those regarding newly-discovered evidence, alleged bias by the administrative law judge, and whether she was in fact the prevailing party in the prior administrative determinations, are not persuasive.

**AFFIRMED.**