**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASON P. STEWART; et al., | No. 10-55282 |
| Plaintiffs - Appellants, | D.C. No. 3:07-cv-00971-MMA-WVG |
| v. | |
| CALIFORNIA DEPARTMENT OF EDUCATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Jason P. Stewart, Caitlin N. Stewart, and their mother Lindsey E. Stewart

appeal pro se from the district court's judgment dismissing their claims under 42

U.S.C. § 1983, the Individuals with Disabilities Education Act ("IDEA"), the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Americans with Disabilities Act ("ADA"), and § 504 of the Rehabilitation Act, as well as from the district court's order declaring Lindsey Stewart a vexatious litigant and imposing a pre-filing injunction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Berg v. Popham*, 412 F.3d 1122, 1125 (9th Cir. 2005), and for an abuse of discretion vexatious litigant and pre-filing order determinations, *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056 (9th Cir. 2007) (per curiam). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2007). We affirm in part, vacate in part, and remand.

The district court properly dismissed the claims against defendants Poway Unified School District, Phillips, and Shieh as barred by res judicata. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077-78 (9th Cir. 2003) (setting forth elements of res judicata).

The district court properly dismissed the § 1983 claims against the law firm defendants and defendant Keenan & Associates because the complaint failed to allege state action. *See Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (for non-state actors to be liable under § 1983 for conspiring with state actors, plaintiff must show an agreement or meeting of the minds to violate his or her constitutional rights).

2

10-55282

Dismissal of the § 1983 claim against defendant Slavik as barred by the statute of limitations was proper because the action was not brought within two years of Slavik's alleged conduct. *See Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (forum state's statute of limitations for personal injury actions, which is two years in California, applies to § 1983 claims).

The district court properly dismissed the § 1983 claims against defendants California Department of Education ("CDE") and O'Connell because the Stewarts failed to state cognizable claims. *See Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) ("To state a claim under § 1983, a plaintiff must allege . . . that a right secured by the Constitution or laws of the United States was violated."); *see also Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 937-38 (9th Cir. 2007) (§ 1983 is not available to remedy violations of the IDEA).

The district court properly dismissed the ADA and Rehabilitation Act claims against the individual defendants in their individual capacities, the law firm defendants, and Keenan & Associates. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) (individuals cannot be sued in their individual capacities under § 1983 for violations of § 504 of the Rehabilitation Act or Title II of the ADA); *Zimmerman v. Or. Dep't of Justice*, 170 F.3d 1169, 1180 (9th Cir. 1999) (private entities are not subject to Title II of the ADA, and are subject to

Rehabilitation Act only if they receive federal financial assistance); *see also U.S. Dep't of Transp. v. Paralyzed Veterans of Am.*, 477 U.S. 597, 606-10 (1986) (indirect recipients of federal funds are not cognizable defendants under the Rehabilitation Act).

The district court properly dismissed the ADA and Rehabilitation Act claims against CDE and O'Connell, and the IDEA claims against all defendants, because the amended complaint does not allege facts demonstrating that Jason exhausted his administrative remedies in relation to these claims, or that exhaustion was futile. *See Kutasi v. Las Virgenes Unified Sch. Dist.*, 494 F.3d 1162, 1167 (9th Cir. 2007) (explaining IDEA exahustion requirements).

The district court did not abuse its discretion in declining to exercise jurisdiction over the Stewarts' state law claims. *See* 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001).

However, we cannot properly review the district court's determination that Lindsey Stewart is a vexatious litigant who should be subject to a pre-filing order because the record does not appear to be adequately developed. *See Molski*, 500 F.3d at 1057 (district court must, among other things, compile an adequate record for review before entering a pre-filing order, which is "an extreme remedy" to be entered "only after a cautious review of the pertinent circumstances"). For

example, we are not able to tell from the record whether the four state court actions on which the district court relied were, in fact, dismissed; whether those actions, which were all filed on the same day, were consolidated into one action, as contended by the Stewarts; and whether Jason Stewart was represented by counsel in those actions. *See id.*; *see also* 28 U.S.C. § 1651; Cal. Code Civ. P. § 391(b)(1). Accordingly, we vacate and remand to the district court for further consideration of its pre-filing determination.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

The Stewarts' motion to supplement briefing is granted.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**