**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| G. M., a minor, by and through his Guardian ad litem, Kevin R. Marchese, an individual, and Lyndi Marchese, an individual; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> DRY CREEK JOINT ELEMENTARY SCHOOL DISTRICT, <br><br> Defendant - Appellee. | No. 12-17242 <br><br> D.C. No. 2:10-cv-00944-GEB-GGH <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Argued and Submitted December 8, 2014
San Francisco, California

Before: O'SCANNLAIN, N.R. SMITH, and HURWITZ, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

G.M. and his parents ("G.M.") appeal a grant of summary judgment to the Dry Creek Joint Elementary School District (the "District"). We have jurisdiction under 28 U.S.C. § 1291, and affirm.

**1.** The administrative law judge ("ALJ") did not err in refusing to enter a default judgment against the District for failing to file a pleading responsive to the parents' complaint within 10 days of service. The Individuals with Disabilities Education Improvement Act ("IDEA") only required the District to "send to the parent a response" to the complaint. 20 U.S.C. § 1415(c)(2)(B); 34 C.F.R. § 300.508(e). A due process hearing is the redress for an unsatisfactory response. *See* 20 U.S.C. § 1415(f)(1)(B)(ii).

**2.** The ALJ's finding that G.M. was offered a free appropriate public education ("FAPE") for the 2009-2010 school year was supported by the evidence. G.M. was not denied any educational benefits; he remained in his preferred educational placement. *See Doug C. v. Haw. Dep't of Educ.*, 720 F.3d 1038, 1046 (9th Cir. 2013); *A.M. ex rel. Marshall v. Monrovia Unified Sch. Dist.*, 627 F.3d 773, 779 (9th Cir. 2010).

**3.** The ALJ properly considered the August 28, 2009 individualized educational program ("IEP") meeting when evaluating whether G.M. was offered a FAPE. The prehearing conference order filed six days before the hearing expressly

2

provided that the August 28 meeting would be addressed at the hearing. *See* 20 U.S.C. § 1415(c)(2)(E)(i)(II). Even if the August 5, 2009 IEP meeting was procedurally deficient, the August 28, 2009 meeting cured these deficiencies. *See Ms. S. ex rel. G. v. Vashon Island Sch. Dist.*, 337 F.3d 1115, 1136 (9th Cir. 2003) (holding that defective parental notice for IEP meetings did not cause a denial of FAPE in light of a later meeting), *superseded by statute on other grounds*, 20 U.S.C. § 1414(d)(1)(B).

**4.** The district court properly granted summary judgment to the District on G.M.'s claims under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). G.M. failed to present evidence that the District acted with deliberate indifference or that he was denied any educational benefits.[1] *See Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135, 1138 (9th Cir. 2001).

**5.** The district court correctly held that G.M.'s state law claims for money damages were barred by the California Government Claims Act. *See* Cal. Gov't Code § 945.4; *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

---

[1]    G. M.'s 42 U.S.C. § 1983 claim against the California Department of Education for alleged IDEA violations is barred by *Blanchard v. Morton School District*, 509 F.3d 934, 936 (9th Cir. 2007).

**6.** The ALJ did not clearly err in awarding attorneys' fees to the District. *See* Cal. Gov't Code § 11455.30; 1 Cal. Code Regs. § 1040(a).[2]

**7.** G.M.'s request for judicial notice of his 2011 appeal is denied as moot because documents relating to that appeal are already in the record. His request for judicial notice of a proposed stipulation not filed in the administrative proceedings is denied. *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003) ("Save in unusual circumstances," this court considers "only the district court record on appeal.").

**AFFIRMED.**

---

[2]    We reject any attempt by G.M. to re-litigate the district court's stay-put order, which was held moot in light of G.M.'s promotion to high school in *G.M. v. Dry Creek Joint Elementary School District*, 458 Fed. App'x. 654 (9th Cir. 2011). *See Joshua A. v. Rocklin Unified Sch. Dist.*, 559 F.3d 1036, 1037 (9th Cir. 2009) ("A motion for stay put functions as an 'automatic' preliminary injunction. . . ."); *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. USDA*, 499 F.3d 1108, 1114 (9th Cir. 2007) (finding that, when ruling on a preliminary injunction, "[a]ny of our conclusions on pure issues of law . . . are binding"). In light of our prior disposition, G.M.'s request for judicial notice of his certificate of promotion from the District is moot.