**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LINDA PEDRAZA, individually and on behalf of her son, M.P., and FRANCISCO PEDRAZA, individually and on behalf of his son, M.P., <br><br>      Plaintiffs-Appellants, <br><br> v. <br><br> ALAMEDA UNIFIED SCHOOL DISTRICT; et al., <br><br>      Defendants-Appellees. | No.    12-15995 <br><br> D.C. No. 4:05-cv-04977-CW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted January 24, 2017[**]
San Francisco, California

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellants appeal the district court's dismissal of their claims under the Individuals with Disabilities Education Act ("IDEA"), the dismissal of their breach of contract claims, and the district court's grant of summary judgment in favor of Appellees. We affirm.

1. The district court did not err in dismissing Appellants' 42 U.S.C. § 1983 claim, because a plaintiff cannot predicate a § 1983 claim on an alleged violation of the IDEA or § 504 of the Rehabilitation Act of 1973. *See Blanchard v. Morton Sch. Dist.*, 509 F.3d 936, 937-38 (9th Cir. 2007); *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

2. The district court did not abuse its discretion by consolidating Appellants' related cases. A district court has broad discretion to consolidate cases pending within its district, and Appellants have failed to demonstrate that the cases did not share a common question of law or fact. *See Pierce v. Cty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008); *see also* Fed. R. Civ. P. 42(a).

3. The district court did not err in dismissing M.P.'s individual claims for failure to have counsel. A non-attorney parent cannot act as legal counsel for her minor child. *See Johns v. Cty. of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997).

4. The district court did not err in granting the school district's motion for judgment on the pleadings in case no. 07-5989. An appeal from the California

Office of Administrative Hearings must be filed within ninety days. 20 U.S.C. § 1415(i)(2)(B); 34 C.F.R. § 300.516(b); Cal. Educ. Code § 56505(k). The deadline for Appellants to file their appeal was September 17, 2007. Appellants filed their appeal nearly two months later on November 14, 2007.

5.     The district court did not err in dismissing the California Department of Education ("CDE") for lack of jurisdiction. The district court concluded that there was no private right of action against the CDE with regard to the complaint resolution procedure. Although the district court and the parties did not have the benefit of *M.M. v. Lafayette School District*, 767 F.3d 842 (9th Cir. 2014), that opinion supports the district court's decision. In *Lafayette*, we concluded that "§ 1415 is a mandate for a state to establish procedural safeguards" and did not create a private right of action. *Id.* at 860. "[I]ndeed § 1415(f) specifically requires complaints to be heard in an impartial due process hearing and then provides an express right of appeal for review of any administrative decision." *Id.* In this case, a hearing was not held, rather the parties entered into a written settlement agreement after mediation. The statute does not provide for CDE review of a settlement agreement, *see* 20 U.S.C. § 1415(g), but rather provides that the written settlement agreement is "enforceable in any State court of competent jurisdiction or in a district court of the United States." § 1415(e)(2)(F)(iii), *see*

3

*also* § 1415(f)(1)(B)(iii)(II). The statute does not provide for CDE enforcement of the settlement agreement. Further, even if the CDE were required to enforce the settlement agreement, the district court correctly found that Appellants failed to present evidence that the school district breached the contract. Therefore, any claim that the CDE did not enforce the Settlement Agreement would be futile.

6. The district court did not err in denying Appellants' motion to dismiss the school district's counterclaims, when was based on the theory that the school district failed to exhaust its administrative remedies. "The IDEA's exhaustion requirement applies to claims only to the extent that the relief actually sought by the plaintiff could have been provided by the IDEA." *Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 874 (9th Cir. 2011) (en banc), *overruled on other grounds in Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). The school district sought relief under a breach of contract theory, not relief under the IDEA.

7. The district court did not err in granting the school district's motion for summary judgment. There was no genuine dispute of material fact. Contrary to Appellants' argument, the district court did not deny Appellants the right to oppose the district court's motion, as Appellants had equal access to the administrative record and filed an opposition. Further, the district court did not err in denying Appellants' breach of contract claim. The record does not support Appellants'

4

contention that the school district breached the contract, but rather that any lack of performance by the school district was a result of Appellants' lack of cooperation in working with the school district.

8.     The district court did not abuse its discretion by construing Appellants' post-summary judgment motions as motions for reconsideration. *See Nunes v. Ashcroft*, 375 F.3d 805, 807-08 (9th Cir. 2004); N.D. Cal. Civ. Local R. 7-9.

9.     Appellants' request for stay of services pending appeal is denied as moot.

**AFFIRMED.**