**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARNOLD CHEW,<br><br>                Plaintiff-Appellant,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; LAGUNA HONDA HOSPITAL AND REHABILITATION CENTER,<br><br>                Defendants-Appellees. | No.   16-15437<br><br>D.C. No. 3:13-cv-05286-MEJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Argued and Submitted October 16, 2017
San Francisco, California

Before:  HAWKINS and W. FLETCHER, Circuit Judges, and KRONSTADT,[**] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable John A. Kronstadt, United States District Judge for the Central District of California, sitting by designation.

Plaintiff-Appellant Arnold Chew appeals the decision by the district court[1] granting the motion for summary judgment brought by Defendants-Appellees City and County of San Francisco (collectively, the "City") and Laguna Honda Hospital ("LHH"). Plaintiff also appeals from related evidentiary rulings and from the award of costs.[2] The underlying claims arise from Plaintiff's employment with LHH, which is owned by the City. Plaintiff alleged discrimination and retaliation based on his association with an African-American colleague in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000 *et seq.*, 42 U.S.C. § 1981, and the California Fair Employment and Housing Act, Cal. Gov't Code § 12940 ("FEHA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a decision granting summary judgment. *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc) (citing *Weiner v. San Diego Cty.*, 210 F.3d 1025, 1028 (9th Cir. 2000)). We affirm.

---

[1] With the express consent of Plaintiff and without objection by Defendants, Magistrate Judge James presided in this action.

[2] Plaintiff also filed two requests for judicial notice in connection with this appeal. Both are denied. Certain documents for which judicial notice has been requested are already included in the record. Judicial notice as to those documents is denied as moot. *See G.M. ex rel. Marchese v. Dry Creek Joint Elementary Sch. Dist.*, 595 F. App'x 698, 700 (9th Cir. 2014). Judicial notice of the other documents is inappropriate because it would supplement the record with documents that Plaintiff could have presented, but failed to present to the district court. *See Ctr. for Bio-ethical Reform, Inc. v. City and Cty. of Honolulu*, 455 F.3d 910, 918 n.3 (9th Cir. 2006).

Under Title VII and FEHA, a plaintiff must exhaust all administrative remedies before filing a civil action in which employment discrimination or retaliation claims are alleged. *See, e.g.*, *Paige v. California*, 102 F.3d 1035, 1041 (9th Cir. 1996); *Rodriguez v. Airborne Express*, 265 F.3d 890, 896 (9th Cir. 2001) (citing *Yurick v. Superior Court*, 257 Cal. Rptr. 665, 667 (Cal. Ct. App. 1989)). Consequently, the exhaustion requirement limits the scope of those claims that can be advanced in a judicial proceeding that is filed after the completion of the administrative process of the Equal Employment Opportunity Commission ("EEOC") or the California Department of Fair Employment and Housing ("DFEH"). *See Sommatino v. United States*, 255 F.3d 704, 707–09 (9th Cir. 2001). "The scope of the written administrative charge defines the permissible scope of the subsequent civil action . . . Allegations in the civil complaint that fall outside of the scope of the administrative charge are barred for failure to exhaust." *Rodriguez*, 265 F.3d at 897 (citations omitted). Therefore, a civil action may not include different alleged acts of discrimination or retaliation "unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *Green v. Los Angeles Cty. Superintendent of Schs.*, 883 F.2d 1472, 1475–76 (9th Cir. 1989) (internal citations and quotation marks omitted).

The complaint that was filed in this action alleged associational discrimination and retaliation based on Plaintiff's relationship with a colleague,

Leonard Collins, who is an African-American. The district court correctly concluded that this alleged discrimination and retaliation was not "reasonably related" to the administrative charges that Plaintiff presented to the EEOC and the DFEH.

On January 18, 2013, Plaintiff filed a charge with the DFEH alleging that he experienced discrimination, harassment and retaliation. Plaintiff stated "Other" as the basis for these claims. The charge included detailed allegations, but made no mention of Collins or associational discrimination. On February 8, 2013, Plaintiff withdrew that charge. On April 22, 2013, Plaintiff filed a new charge with the DFEH, which he also filed with the EEOC. In its detailed allegations, it identified only age and disability as the bases for the alleged discrimination. Thus, it did not identify race discrimination or associational discrimination, and made no reference to Plaintiff's relationship with Collins.[3]

---

[3] The "rule of liberal construction," which requires courts to interpret the scope of an administrative charge "with utmost liberality" for the purposes of exhaustion analysis "does not suggest that a plaintiff sufficiently exhausts his administrative remedies under Title VII by merely mentioning the word 'discrimination' in [the] EEOC administrative charge." *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636–37 (9th Cir. 2002). That on May 7, 2013, Plaintiff's counsel sent a letter to the DFEH referring to discrimination based on Plaintiff's association with Collins does not warrant a different result. No amended complaint was filed with either the DFEH or the EEOC. Further, because this argument as to the scope of the administrative claims was not made to the district court, it was waived. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]n appellate court will not consider issues not properly raised before the district court.").

The purpose of administrative exhaustion is to provide an administrative agency with sufficient information so that it can conduct an appropriate investigation about the alleged discrimination. *See Freeman* 291 F.3d at 636. Administrative proceedings may result if warranted by the investigation. Such proceedings may make it unnecessary for a plaintiff to bring a civil action. A failure to comply with the exhaustion requirements undermines these important principles. Because Plaintiff failed adequately to disclose to the EEOC and the DFEH the claims advanced here, he failed to exhaust his administrative remedies. This barred his Title VII and FEHA claims, and warranted summary judgment for Defendants.

Even if Plaintiff had exhausted his administrative remedies, the result would be the same because Plaintiff's claims of discrimination and retaliation fail on the merits. The claims here under Title VII, 42 U.S.C. §§ 2000 *et seq.*, and 42 U.S.C. § 1981 are governed by the three-step burden-shifting process established by *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). *See Metoyer v. Chassman*, 504 F.3d 919, 930–31 (9th Cir. 2007). California has adopted the *McDonnell Douglas* test for FEHA claims. *See Moore v. Regents of the Univ. of Calif.*, 206 Cal. Rptr. 3d 841, 856 (Cal. Ct. App. 2016) (citing *Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113–14 (Cal. 2000)).

Under that framework, a plaintiff must first present sufficient evidence to

establish a prima facie basis for the claimed discrimination or retaliation. *See Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1105–06 (9th Cir. 2008). If the plaintiff meets that burden, the defendant is then required to present evidence that is sufficient to "articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory conduct." *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003). If it does so, the plaintiff must then present evidence that shows that "the employer's proffered nondiscriminatory reason is merely a pretext for discrimination." *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1282 (9th Cir. 2000)).

Plaintiff presented sufficient evidence to establish a prima facie case of discrimination and retaliation as required by the first step in the *McDonnell Douglas* process. Plaintiff has been employed at LHH since 1998. Although substantial performance issues have arisen during his tenure, he has made a sufficient prima facie showing that he is qualified for his position. It is undisputed that Plaintiff had an association with Collins. It is also undisputed that in October 2011, he was instructed to limit the time he was spending in assisting Collins, and instead to devote his time to improving his own performance. Finally, Plaintiff offered sufficient evidence to support a prima facie showing of adverse employment actions. *See Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

16-15437

This included negative performance reviews, suspensions from work and the adoption in October 2012 of a process used by LHH that it calls a "Development Plan." Its claimed purpose was to monitor and improve Plaintiff's performance. Based on the foregoing, Plaintiff met the "minimal" evidentiary standard to establish a prima facie case under *McDonnell Douglas*. *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1124 (9th Cir. 2000) (quoting *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994)).

In response, Defendants provided sufficient evidence of nondiscriminatory justifications for the allegedly adverse employment actions. As early as 2000, issues arose regarding Plaintiff's job performance, and additional negative reviews were communicated to Plaintiff in February 2009 and May 2010. Most of this negative performance history predated the challenged conduct, which allegedly started in the fall of 2011. Indeed, several of these performance reviews were communicated prior to July 2010, when Collins was first employed by LHH. Plaintiff was also suspended from work several times due to specific issues relating to his job performance. Defendant also relies on the need for the Development Plan as further evidence of the shortcomings of Plaintiff's performance. Collectively, this evidence is sufficient to meet the standard for showing a nondiscriminatory reason for the challenged conduct.

Turning to the final step in the process, Plaintiff failed to present evidence

sufficient to raise a triable issue of material fact as to whether these nondiscriminatory justifications were pretextual. *See Dominguez-Curry*, 424 F.3d at 1037–38. Direct evidence of pretext is "evidence which, if believed, proves the fact [of discriminatory animus] without inference of presumption." *Godwin v. Hunt Wesson, Inc.* 150 F.3d 1217, 1221 (9th Cir. 1998) (alterations in original) (quoting *Davis v. Chevron, U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994). It "typically consists of clearly sexist, racist, or similarly discriminatory statements or actions by the employer." *Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1095 (9th Cir. 2005) (citations omitted). Plaintiff presented no direct evidence of discriminatory animus that allegedly arose from his relationship with Collins.[4]

Absent sufficient direct evidence of pretext, Plaintiff must offer "specific and substantial" indirect evidence of pretext. *EEOC v. Boeing Co.*, 577 F.3d 1044, 1049 (9th Cir. 2009) (citing *Coghlan*, 413 F.3d at 1095). The evidence offered by Plaintiff was not sufficient to meet this heightened evidentiary burden. Plaintiff argues that performance issues as to his work did not start until he began associating with Collins. As noted, Collins was first employed by LHH in July

---

[4] As noted, Plaintiff presented evidence that in October 2011, a supervisor told him to stop assisting Collins at work, and instead to devote his time to improving his own job performance. He also offered evidence that his supervisors scrutinized his work more closely than that of his co-workers. This evidence is not sufficient to show a triable issue as to discriminatory animus. *Godwin*, 150 F.3d at 1221.

16-15437

2010. However, Plaintiff received negative performance appraisals as early as 2000, and received several others prior to when Collins was first employed by LHH. Therefore, the evidence presented by Plaintiff did not constitute "specific and substantial" indirect evidence of pretext, sufficient to support the claim that discriminatory animus "more than likely motivated" Plaintiff's supervisors, or that the "proffered explanation is unworthy of credence." *Anthoine v. N. Cent. Ctys. Consortium*, 605 F.3d 740, 753 (9th Cir. 2010) (internal citations and quotation marks omitted).

Plaintiff also failed to establish a triable issue as to municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). There was no evidence that either the alleged discrimination or retaliation was the result of an official policy, a long-standing practice or custom, or the decision of a "final policymaker." *See Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003).

The evidentiary rulings by the district court as well as its award of costs to Defendants are reviewed under an abuse of discretion standard. *See Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (citing *Save Our Valley v. Sound Transit*, 533 F.3d 932, 945 n.12 (9th Cir. 2003); *Tritchler v. Cty. of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004) (citing *Freeman v. Allstate Life Ins. Co.*, 253 F.3d 533, 536 (9th Cir. 2001)). Because there is no showing that any of the evidentiary rulings was in error, there was no abuse of discretion. The award of $4,399.59 in

costs was based on the amounts incurred by Defendants in serving certain documents and subpoenas as well as those incurred for certain transcripts. These amounts were reasonable and permitted by Fed. R. Civ. P. 54(d)(1). Further, Plaintiff did not submit sufficient evidence to show that this award would impose undue financial hardship. Therefore, the district court did not abuse its discretion in awarding these costs.

**AFFIRMED**.