**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

APR 27 2021

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSEMARY GARITY, | No. 20-15588 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-01805-RFB-CWH |
| v. | |
| MEGAN J. BRENNAN, U.S Postmaster General, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted April 23, 2021[**]

Before: GOODWIN, SILVERMAN, and BRESS, Circuit Judges.
Concurrence by Judge BRESS

Rosemary Garity, proceeding pro se, appeals the district court's judgment

and its order awarding back pay following a bench trial in Garity's suit alleging

that the United States Postal Service, her former employer, discriminated against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

her because of her disabilities and race in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's conclusions of law and for clear error its findings of fact and computation of damages. *Ambassador Hotel Co., Ltd. v. Wei-Chuan Inv.*, 189 F.3d 1017, 1024 (9th Cir. 1999). We affirm.

Garity has not shown clear error in the district court's computation of back pay on her discrimination claim under the Rehabilitation Act. *See Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 850 (9th Cir. 2004) (following a bench trial, "[w]e will not disturb an award of damages unless it is clearly unsupported by the evidence, or it shocks the conscience" (citation and internal quotation marks omitted)).

The district court properly denied Garity's request for front pay because she failed to show that she did not voluntarily withdraw from the workforce by accepting disability retirement. *See Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1020-21 (9th Cir. 2000) (front pay was not warranted where a plaintiff failed to show that her withdrawal from the workforce was not voluntary).

The district court properly denied Garity's request for punitive damages because punitive damages are not recoverable in this action. *See* 42 U.S.C. §§ 1981a(a)(2) & (b)(1) (setting out damages remedies for violations of Title VII

2

and the Rehabilitation Act and stating that punitive damages are not available against a government agency).

The district court properly denied Garity's request for attorney's fees because "[p]ro se plaintiffs . . . are not entitled to attorney's fees." *Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007).

Garity's award of back pay renders moot her arguments on appeal concerning her other claims, which seek back pay for the same time period. *See Jerron W., Inc. v. State of Cal., State Bd. of Equalization*, 129 F.3d 1334, 1336 (9th Cir. 1997) ("A controversy is moot if effective relief cannot be granted."); *see also Gen. Tel. Co. of the Nw., Inc., v. Equal Emp. Opportunity Comm'n*, 446 U.S. 318, 333 (1980) ("It . . . goes without saying that the courts can and should preclude double recovery by an individual.").

The district court's exclusion of Garity's emotional distress evidence as a sanction for violating the Rule 35 order lacks support in the record. *See* Fed. R. Civ. P. 35(a)(1) ("The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination[.]"); Fed. R. Civ. P. 37(b)(2)(A)(ii) (providing that if a party fails to obey an order under Rule 35, the court may "prohibit[] the disobedient party from . . . introducing designated matters in evidence"). The Rule 35 order required defendant to disclose the names of the tests given in the Independent Medical

3

Examination but included no prohibition on preparing for them, and the record contains minimal support for the district court's finding that Garity was otherwise aware that she should not prepare for them. However, any error was harmless because the district court acted within its discretion in excluding the evidence on the alternate ground that its probative value was substantially outweighed by the danger of unfair prejudice and confusing the issues. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."); *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014) (standard of review; explaining that a showing of prejudice is required for reversal of evidentiary rulings, including discovery sanctions).

The district court properly determined that a bench trial was warranted because only equitable damages remained. *See Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1067-69 (9th Cir. 2005) (holding that there is no right to a jury trial on a claim for back pay under Title VII or the Rehabilitation Act).

**AFFIRMED.**

*Garity v. Brennan*, No. 20-15588

BRESS, Circuit Judge, concurring:

I concur in the Court's disposition, except for its determination that the district court lacked a sufficient basis for excluding Garity's emotional distress evidence as a sanction for her violation of a Rule 35 Order. Because we correctly conclude that any error in excluding the evidence on this ground was harmless, the discussion of whether the district court erred is unnecessary.