**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUL 3 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AAA, a Minor, by her Next Friend and Parent; AMIR ABDUL-ALIM; HAFSA ELARFAOUI, | No. 22-16935 |
| Plaintiffs-Appellants, | D.C. No. 2:20-cv-00195-JAD-BNW |
| v. | MEMORANDUM* |
| CLARK COUNTY SCHOOL DISTRICT, | |
| Defendant-Appellee, | |
| and | |
| RACHEL DAVIS; JESUS JARA; DANIEL EBIHARA; SONYA HOLDSWORTH; MARKOS STOUMBIS; ARMINE DARMANDJIAN, AKA Armine Kopalyan; MELODY THOMPSON; RACHEL JACOBI; ROBERT C. WEIRES; STATE OF NEVADA DEPARTMENT OF EDUCATION; MELONIE POSTER; JELAINE L. SELBY; NICOLE BAUMGARTNER; JODIE SCHRAVEN; SHELBE RODGERS; TERI L. AQUILINA, R.N.; SHELBIE COYNE, AKA Shelbie Rodgers; ELIZABETH ASHLEY; JAMIE J. RESCH; CONNIE TORRES; WILLIAM JESNSEN; JHONE EBERT; PERRY ZIRKEL, | |

---

*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants.

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted July 3, 2024[**]
San Francisco, California

Before:  O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Amir Abdul-Alim and Hafsa Elarfaoui ("the Parents") appeal pro se on their behalf and on behalf of their daughter, AAA, from the district court's summary judgment in favor of the Clark County School District ("the District") on several claims and from the dismissal of several claims.  Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

**I**

Summary judgment is appropriate when there is no genuine dispute of material fact, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The District has conceded that its delay in revising AAA's individualized education program ("IEP") after receiving the independent evaluation likely violated the procedural requirements of the Individuals with

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Disabilities Education Act ("IDEA"). *See* 20 U.S.C. § 1414(d)(4)(A); 34 C.F.R. § 300.324(b)(1)(i). But a procedural violation denies a child a free appropriate public education ("FAPE") only if the violation (1) impedes the child's right to a FAPE; (2) significantly impedes the parents' opportunity to participate; or (3) deprives the child of educational benefits. 20 U.S.C. § 1415(f)(3)(E); *see also D.O. ex rel. Walker v. Escondido Union Sch. Dist.*, 59 F.4th 394, 416 (9th Cir. 2023). The Parents have not shown any of these harms. AAA continued to receive the same services under her prior IEP, improved in handling and overcoming her hearing impairment, and performed well academically, even earning a spot on the honor roll. AAA made "progress appropriate in light of [her] circumstances," and she therefore received a FAPE during the 2018-19 school year. *Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1*, 580 U.S. 386, 399 (2017). The district court did not err in granting summary judgment to the District on the Parents' FAPE claims under the IDEA and section 504 of the Rehabilitation Act. *See K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1099 (9th Cir. 2013).

The district court also did not err in granting summary judgment to the District on the Parents' claims related to AAA's 2016 reevaluation and the following 2017-18 IEP. The IDEA requires civil actions to be brought within 90 days of the state administrative decision. 20 U.S.C. § 1415(i)(2)(B); Nev. Admin. Code § 388.315(3). This suit was filed more than nine months after the state

administrative decision addressing the 2016 reevaluation and 2017-18 IEP.

The Parents have not identified any applicable law that prohibited the District from receiving the independent evaluation of AAA, and the district court did not err in granting summary judgment to the District on these privacy claims.

Nor did the district court err in granting summary judgment to the District on the Parents' discrimination claims under section 504 of the Rehabilitation Act and Title II of the Americans With Disabilities Act. The Parents have not identified any reasonable accommodation that AAA was denied because of her disability, nor have they shown that the District acted with deliberate indifference or discriminatory animus. *See* 29 U.S.C. § 794; 42 U.S.C. § 12132; *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016).

The district court did not abuse its discretion by dismissing the individual employees of the District who were sued in their official capacity because those claims were duplicative of the claims against the District. *See* Fed. R. Civ. P. 21; *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

The district court properly granted summary judgment to the District on the Parents' claim under 42 U.S.C. § 1983 because IDEA violations cannot be pursued through a section 1983 claim. *Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 937-38 (9th Cir. 2007).

The Parents have not meaningfully challenged the district court's judgment

4

as to the other claims and defendants, and we do not address those decisions. *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

## II

The Parents may proceed pro se when asserting their own rights related to the alleged denial of a FAPE. *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 533, 535 (2007); *accord Blanchard*, 509 F.3d at 938 (parents may bring certain ADA and Rehabilitation Act claims based on discrimination against their child). But the Parents could not represent AAA pro se. *Johns v. County of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997). Accordingly, we affirm the district court's judgment as to the Parents' claims brought in their individual capacity, but we vacate the judgment as to AAA's claims. On remand, the district court is instructed to dismiss without prejudice AAA's claims. *See id.* at 877-78.

**AFFIRMED IN PART; VACATED IN PART; REMANDED.**

The Parents' motion for appointment of pro bono counsel is **DENIED**.

We award costs on appeal to the District as the substantially prevailing party. *See* Fed. R. App. P. 39(a)(4).